**FILED**
**U.S. District Court**
**District of Kansas**
05/06/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ARTHUR LEE ADAMS,

    **Plaintiff,**

    v.                             **CASE NO.  26-3053-JWL**

KEITH SCHROEDER, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Reno County Jail in Hutchinson, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On March 20, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until April 20, 2026, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  Plaintiff has not filed a response to the MOSC, but instead filed a new complaint (Doc. 5).

Plaintiff's claims relate to his state criminal proceedings.  Plaintiff claimed in his original Complaint that his home was raided on November 7, 2022, by the Reno County Sheriff's Office.  (Doc. 1, at 2.)  He claimed that the warrant/affidavit failed to show probable cause and "appeared to be written post hoc."  *Id*.  As Count I, Plaintiff alleged an unreasonable search and seizure in violation of the Fourth Amendment.  *Id*. at 3.  He also claimed that his Fifth Amendment rights were violated when he was not given the opportunity to confront his accusers at his August 2025 trial.  *Id*. at 4.  As Count II, he alleged a due process violation based on suborning perjury.  *Id*. at 3.  He also alleged a speedy trial violation based on it taking three years (from October 7, 2022[1] to

---

[1]  Although Plaintiff references October 7, 2022, he alleges that the raid occurred on November 7, 2022.  As set forth below, his state criminal case was filed on November 14, 2022.

1

August 11, 2025) to get to trial. *Id*. at 5. As Count III, Plaintiff alleged Brady violations and argued that evidence was withheld at his criminal trial. *Id*. at 6. Plaintiff claimed that he made these things known on the record during court proceedings. *Id*. at 7.

Plaintiff names as defendants in his Complaint: Keith Schroeder, Reno County District Judge; and Brian Eugene Koch, Reno County District Attorney. For relief, Plaintiff sought to have his state criminal case dismissed, $800,000 in damages, and to have a review done of cases prosecuted by Defendants to determine if there were civil rights violations. *Id*. at 7.

The Court ordered Plaintiff to show good cause why the Court is not prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Court noted that an online Kansas District Court Records Search showed that Plaintiff's state criminal proceedings are pending. *See State v. Adams*, Case No. RN-2022-CR-000764 (District Court of Reno County, Kansas) (filed November 14, 2022). The docket reflects that Plaintiff was convicted after a jury trial and is awaiting sentencing. *Id*. A motion to continue sentencing was filed on November 26, 2025, due to Plaintiff obtaining new counsel after the trial. *Id*. On December 12, 2025, the Court Services Officer filed an Adult Order to Arrest and Detain, alleging that Plaintiff violated the conditions of his bond supervision. *Id*. A Motion to Revoke Bond was filed by Defendant Koch on December 15, 2025. *Id*.

Plaintiff has failed to respond to the Court's MOSC regarding *Younger* abstention. Instead, Plaintiff filed a 3-page complaint, possibly intended as an amended complaint. (Doc. 5.) Plaintiff does not allege a speedy trial violation or the inability to confront his accusers in the new complaint, but otherwise continues to make the same claims regarding his state court criminal proceedings—suborned perjury, the search warrant lacked probable cause, and the withholding of exculpatory evidence. (Doc. 5, at 2.)

The Court found in the MOSC that "[t]o the extent Plaintiff seeks a stay regarding his claim for money damages, he is directed to show cause why his claims against the Defendants should not be dismissed based on judicial and prosecutorial immunity." (Doc. 4, at 8.)  Plaintiff continues to name the state court prosecutor and judge as defendants, and adds Reno County, Kansas, as a defendant.  (Doc. 5, at 1.)  Plaintiff states that Reno County "is a governmental entity responsible for the policies, practices, and supervision of its officials."  *Id*.  Plaintiff makes the bald claim the Reno County "maintained policies, customs, or failed to train employees adequately, resulting in constitutional violations."  *Id*. at 3.  Plaintiff fails to set forth any policies or customs that allegedly resulted in his constitutional violations.  He has also failed to allege how the county is responsible for training or supervising the state court judge and prosecutor.  Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals.  *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3.  District court judges are state officials.  *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004), *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred).  A county district attorney's office, "to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law and, therefore, is also immune under the Eleventh Amendment."  *Collins v. McClain*, 207 F. Supp. 2d 1260, 1263 (D. Kan. 2002) (citations omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009) (damage claim against county prosecutor in her official capacity barred by Eleventh Amendment immunity); *McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty.*, 24 P.3d

3

739, 746 (Kan. Ct. App. 2001) ("In Kansas, district attorneys are officers of the State."); *see, e.g.,* *Carroll v. Totaro*, 2022 WL 16749032, at \*5 (E.D. Pa. 2022) (finding that the county does not employ or supervise the state court judge, and the county cannot be sued for the alleged failure to train the judge).

The Court found in the MOSC that Plaintiff has been convicted in his state court criminal proceedings and is awaiting sentencing. The Court noted that to the extent Plaintiff challenges the validity of his conviction or sentence in his state criminal case, his federal claim must be presented in habeas corpus, and any request for money damages may be barred by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. As set forth above, Plaintiff has been convicted and is awaiting sentencing. The current docket in his state court criminal case reflects that on May 4, 2026, Plaintiff filed: a Motion for Dispositional and/or Durational Departure and Concurrent Sentences;

an Amended Posttrial Motion for New Trial; and an Amended and Renewed Motion for Judgment of Acquittal/Directed Verdict. *See State v. Adams*, Case No. RN-2022-CR-000764 (District Court of Reno County, Kansas). Plaintiff has not shown that his conviction has been overturned.

Plaintiff has failed to respond to the MOSC and his newly-filed complaint does not address the deficiencies noted in the MOSC. Plaintiff has failed to address *Younger* abstention, has failed to request a stay pending resolution of his state court criminal proceedings, and has failed to address the *Heck* bar. The Court's MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice." (Doc. 4, at 8.)

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated May 6, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

5